UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHRISTOPHER O. NORDANG,                    Case No. DM 20-90170
                                           Chapter 13
              Debtor.                      Hon. Scott W. Dales
_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

On April 11, 2022, creditor First National Bank & Trust of Iron Mountain (the "Bank")

filed a Motion to Conduct a 2004 Examination (ECF No. 76, the "Motion"), of debtor

Christopher O. Nordang (the "Debtor") using the court's "notice and opportunity to object"

procedure prescribed in LBR 9013(c).  The Debtor timely filed a response (ECF No. 77), and the

court held a hearing on May 13, 2022, in Marquette, Michigan.

Counsel for the Bank and the Debtor appeared at the hearing.  Chapter 13 trustee Barbara

P. Foley (the "Trustee") also appeared, but she took no position. At the conclusion of the hearing,

the court took the matter under advisement.  For the following reasons the court will deny the

Motion.

In its Motion, the Bank offers the following reasons for its proposed post-confirmation

examination of the Debtor:

> 3. The Bank specifically, and other interested parties, have an interest in
> discovering the full extent of the Debtor's interest in the property.
>
> 4. Additionally, the Bank would like to investigate whether transfers of property
> were made and therefore whether certain debts are non-dischargeable or the
> property recoverable.

5. Furthermore, the Bank would like to investigate whether the Debtor has filed for Chapter 13 in good faith, as required by the Bankruptcy Rules.

*See* Motion at ¶¶ 3-5.  In its Motion, the Bank referred obliquely to "alleged transfers that were made by the Debtor and the present location of estate property, subject to liens of the Bank," but offered no specifics whatsoever, except a reference at oral argument to a check related to property owned by the Debtor's related (non-debtor) company.  The Bank offered no testimonial support for its Motion in the form of an affidavit or solemn declaration, only statements of counsel.  Fed. R. Civ. P. 43(c).

The court acknowledges that the scope of an examination under Rule 2004[1] is both (i) broad, and (ii) potentially burdensome.  In a wage-earner reorganization we tolerate the burdens that such an examination imposes on debtors principally to ensure that interested parties have sufficient information to address the impact of a debtor's plan on their rights and to ensure that a debtor can satisfy the confirmation standards of 11 U.S.C. § 1325 and the Bankruptcy Code more generally.  Indeed, Rule 2004 expressly provides that an examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a).

As the Debtor's counsel pointed out in her response and again at oral argument, the confirmation of the Debtor's plan, achieved after extensive negotiations with (and investigation by) the Bank, and the passage of time, largely renders the Bank's Motion untimely and pointless. And, as she also argued, the confirmed plan provides for the Bank's claim, binding the Bank and the Debtor both under 11 U.S.C. § 1327.

---

[1] The court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure in this Order simply as "Rule __," relying on the numbering conventions within each set of rules to identify the particular rule.

The time to discover the "full extent of the Debtor's interest" in Northland's property was before confirmation, when the Trustee and the court necessarily determined the best interest of creditors and other issues dependent on the extent and value of the Debtor's bankruptcy estate. Similarly, the Debtor's good faith in filing the petition and proposing his plan are also, indisputably, pre-confirmation issues. *See* 11 U.S.C. § 1325(a)(3), (a)(4), (a)(7). Also, if it were possible to read the Motion, or statements during oral argument, as suggesting that the Debtor obtained confirmation by fraud, the passage of more than 180 days after entry of the confirmation order precludes plan revocation on that basis. 11 U.S.C. § 1330(a).

As for the Bank's interest in its collateral, both attorneys confirmed at oral argument that the Debtor's relationship with the Bank is as its guarantor, and that the Bank's collateral belonged or belongs to the Debtor's separate company, Northland Service, Incorporated ("Northland"). The Bank has already obtained an order from this court (ECF No. 50) authorizing it to exercise its state law remedies against Northland and its assets. If the Bank requires information from the Debtor as a witness about Northland's assets, it may seek to persuade the state court to compel his testimony. As the court noted during the hearing without opposition, the law may require each of us to offer testimony in a proper case upon a sufficient showing, notwithstanding the automatic stay. *In re Chari*, 262 B.R. 734, 737 (Bankr. S.D. Ohio 2001) (compelling the Debtor to appear as a witness does not invoke automatic stay concerns because the scope of the stay is limited to proceedings against a debtor or a debtor's property"); *cf. Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 52 (5th Cir. 1993) (burden of attending deposition is not the sort of burden that the discharge protects against). A more tailored examination under state law may be in order, but the less-cabined examination under Rule 2004 is not.

With respect to the Bank's concerns about whether the Debtor's alleged misconduct in connection with Northland's assets renders its claim non-dischargeable under 11 U.S.C. § 523(c), the passage of time (as Debtor's counsel notes) generally bars any argument along those lines, and therefore an examination under Rule 2004 with its resulting burdens.  *See* Fed. R. Bankr. P. 4007(c).[2]

The only legal authority the Bank offered, *In re Lufkin*, 255 B.R. 204 (Bankr. E.D. Tenn. 2000), involved a trustee's investigation in a chapter 7 proceeding, so it provides no response to the Debtor's arguments premised on the binding effect of his chapter 13 plan.  The case is distinguishable.

For the foregoing reasons, and at this stage of the proceedings, the burdens a Rule 2004 examination would impose on the Debtor (and derivatively on other creditors by multiplying administrative expenses under 11 U.S.C. § 330(a)(4) and 503(b)(2)) preclude the order the Bank seeks, particularly given the relief from stay the court has previously approved to assist the Bank in protecting its collateral.  Accordingly, the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order upon Christopher O. Nordang, Michelle Hutton Bass, Esq., John M.A. Bergman, Esq., Barbara P. Foley, Esq., chapter 13 trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 16, 2022**

Scott W. Dales
United States Bankruptcy Judge

---

[2] If the Debtor at some point seeks a hardship discharge under 11 U.S.C. § 1328(b), any claim by the Bank under § 523(a)(6) will be timely under Rule 4007(d).